ALEXANDER BROWN, Executor, &c., *v.* ANNA A. BROWN.

WIDOW: HER INTEREST IN LAND EXEMPT FROM EXECUTION.—Under the provisions of the Act of the 20th October, 1852 (Session Laws, p. 66), the title to the quarter section of land exempt by law from execution for the husband's debts, vests immediately upon his death, in the widow (if there be no children) during widowhood, free from all liability for the debts of the husband ; and her title so vested, is not forfeited in favor of the husband's creditors by her subsequent removal from this State.

Appeal from the Probate Court of Marshall county. Hon. C. H. Mott, judge.

*Clapp* and *Strickland,* for appellant.

*Thos. W. Harris,* for appellee.

FISHER, J., delivered the opinion of the court.

This was a petition filed in the Probate Court of Marshall

county, by the appellant, as executor of the last will and testament of John Brown, deceased, alleging the insufficiency of the personal estate of the testator to pay his debts; that he died seised of a tract of land, containing about one hundred acres, situate in said county; that the same was not devised by his will; and praying the court to order the same to be sold for the purpose of paying the testator's debts. The widow of the testator being made a party to the petition, appeared by her counsel, and resisted the application, on the ground that the land not being liable during the lifetime of her husband to the payment of his debts, descended to her upon his death, and vested in her an estate during widowhood, under the provisions of the Act of 1852.

It appeared, upon the trial, that the widow, soon after the death of her husband, removed to the State of Tennessee, where she has ever since resided; and that the testator left no children. The Probate Court sustained the claim of the widow, and dismissed the petition from the decree. The executor appealed.

The position taken by counsel on this state of case is, that the widow, by her removal from the State, forfeited her title to the land.

It cannot be controverted for a moment, that the title to the land, upon the death of the husband, vested immediately in his widow. The law which gave her the land, is too clear to admit of construction; and the title having vested, to what law must we look, as applicable to the facts to establish the forfeiture? for the title having once vested, can only be divested by the act of the party herself, or by virtue of some law operating upon the facts of the case. It is only necessary to remark, that the statute is entirely silent on this subject. Both forfeitures and conditions subsequent are not favored; and hence, neither will ever be declared in a doubtful case. The law under which they are alleged to arise, must be as clear as the law which creates the estate in the first instance.

We fully concur with counsel, that the Act of 1841, exempting a quarter section of land from the payment of debts contracted by the owner, must be confined to heads of families, or citizens of this State; but this has but little bearing upon the question at issue. The question is, who took the land which is admitted to have been exempted from the payment of the testator's debts during his life-

time, by descent upon his death. Descent is regulated by law, and the fact appearing, that the appellee was the widow of the deceased, residing in this State at the time of his death, it is only necessary to apply that law to the fact, to determine who succeeds to the title of the deceased. The moment the party died, the law cast the descent; and, as already stated, the title having vested, can only be defeated by the act of the party herself, by operation of law.

Decree affirmed.